**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MERCED ROBLES, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:15-cv-00721-APG-VCF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| APEX LINEN LLC, et al., ) | |
| ) | |
| Defendant(s). ) | |
| _____) | |

Pending before the Court is its Order to Show Cause as to why Defendants and Defendants' counsel Jennifer Braster should not be sanctioned for failing to comply with the Court's order scheduling an Early Neutral Evaluation Session ("ENE") for September 18, 2015. *See* Docket No. 14. Defendants and Defendants' counsel responded to the Order to Show Cause on September 25, 2015. Docket No. 16. For the reasons discussed more fully below, the Court hereby **SANCTIONS** Attorney Jennifer Braster and Defendants, jointly and severally, in the amount of the Plaintiff's reasonable attorneys' fees and costs incurred in preparing for and attending the ENE as well as any of Plaintiff's uncompensated time for missing work to attend the ENE. Additionally, the Court **SANCTIONS** Attorney Jennifer Braster $250 in Court fines.

**I.     Background**

This is an employment dispute. Plaintiff alleges, *inter alia*, that he was discriminated against and wrongfully terminated because of his disability. Docket No. 1 at 5-7. His Complaint seeks in excess of $50,000 in damages. *Id.*, at 8. In response, Defendants filed a motion to dismiss. *See* Docket No. 7.

Pursuant to Local Rule 16-6, this case was assigned to the Early Neutral Evaluation Program on April 20, 2015. Docket No. 3. On July 21, 2015, the Court entered an order scheduling an ENE for September 18, 2015 (the "Order"). Docket No. 8. The Order provided that "**the following individuals are required to be present in person for the duration of the settlement conference**: [1] all counsel of record who will be participating in the trial . . . [and] . . . [2] in the case of non-individual parties, an officer or representative with binding authority to settle this matter up to the full amount of the claim." *Id.*, at 1 (emphasis in original). The Order made clear that any request for an exception to the personal appearance requirement will be strictly scrutinized for a showing of compelling justification. *Id.*, at 2. Furthermore, the Order required the parties to submit a written evaluation statement identifying the persons with decision-making authority who, in addition to counsel, would attend the ENE session. The Court instructed the parties that "**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLAINT PARTY AND/OR COUNSEL TO SANCTIONS.**" *Id.*, at 3 (emphasis in original).

On September 9, 2015, Defendants submitted their confidential settlement statement. Docket No. 16 at 5. Defendants represented that Marty Martin, the Executive Vice President of Apex Linen Service, Inc. would be attending the ENE. *Id.*, at 4.

On September 14, 2015, Ms. Braster telephoned the Court's chambers *ex parte* in violation of Local Rule 7-6(a). *Id.* Ms. Braster informed the Court that she had opted to attend a later-set hearing in state court, even though the Court entered its Order on July 21, 2015. *Id.*[1]

On September 18, 2015, Ms. Braster arrived late to the ENE without Mr. Martin. Because of a clerical error, Mr. Martin purportedly did not have the ENE on his calender, and had traveled out of state. *Id.*, at 5. Wesley Lindley, an employee of Apex Linen LLC, accompanied Ms. Braster in Mr. Martin's stead. During the ENE, Ms. Braster did not explicitly call the Court's attention to the fact that Mr. Lindley was not the individual mentioned in Defendants' ENE statement. As the ENE proceeded, Mr. Lindley informed the Court that he had limited settlement authority, and confessed that Defendants

---

[1]To be clear, the Court sanctions Ms. Braster solely for violating the Court's order regarding the attendance requirement of an individual with settlement authority, and not her other misconduct, including her *ex parte* call to chambers and arriving late to the ENE.

1    had only authorized him to offer Plaintiff reinstatement to a lessor position at Defendants' laundry

2    cleaning facility.  He candidly reported that he lacked the authority to offer any monetary amount at all

3    towards settlement.  This revelation, in effect, negated the ability of the ENE to function at all, much

4    less in successful manner.  Thus, the Court terminated the ENE.

5         The Court later issued an Order to Show Cause requiring Defendants and Ms. Braster to explain

6    in writing, no later than September 25, 2015, why the Court should not issue sanctions, pursuant to

7    Local Rule IA 4-1 and Federal Rule of Civil Procedure 16(f), against them in an amount up to the full

8    costs and attorneys' fees incurred in relation to Plaintiff's preparation for and attendance of the ENE,

9    any uncompensated time Plaintiff may have missed from work caused by their failure to comply with

10   the Court's Order, as well as up to $1,000 in Court fines.  Docket No. 14.  It is this order that is

11   presently before the Court.

12   **II.     Legal Standard**

13        Parties and attorneys are required to follow pretrial orders.  *See* Fed.R.Civ.P. 16(f).[2] "Violations

14   of Rule 16 are neither technical nor trival, but involve a matter most critical to the court itself:

15   management of its docket and the avoidance of unnecessary delays in the administration of its cases."

16   *Martin Family Trust v. Heco/Nostalgia Enter. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (internal

17   quotations and citations omitted). As the Ninth Circuit has emphasized, a pretrial order "is not a

18   frivolous piece of paper, idly entered, which can be disregarded . . . without peril."  *Johnson v.*

19   *Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

20        Litigants have an "unflagging duty to comply with clearly communicated case-management

21   orders . . . ." *Martin Family Trust*, 186 F.R.D. at 604 (quoting *Rosario–Diaz v. Gonzalez*, 140 F.3d 312,

22   315 (1st Cir. 1998)). Whether the party or its counsel disobeyed the court order intentionally is

23   impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See*

24   *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.,* 275 F.3d 762, 769 (9th Cir. 2001).  Both courts

25   and commentators agree that sanctions may be imposed for a party's unexcused failure to comply with

26   a Rule 16 order, even if that failure was not made in bad faith. *See id.*; *Ayers v. City of Richmond*, 895

27   _____

28         [2] References to "Rules" hereafter refer to the Federal Rules of Civil Procedure.

3

F.2d at 1270 (9th Cir.1990) (affirming sanction of lawyer for failure to attend settlement conference because "the date 'slipped by him'"); *Ford v. Alfaro,* 785 F.2d 835, 839–40 (9th Cir. 1986) (upholding sanction imposed for failure to file a pretrial statement and to attend a pretrial hearing); *Ikerd v. Lacy,* 852 F.2d 1256, 1258–59 (10th Cir. 1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions."); *Harrell v. United States,* 117 F.R.D. 86, 88 (E.D.N.C. 1987) ("Improper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation of [a] Rule [16 order]"); William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 15:81 (TRG 1994) ("*Negligent failure to comply* with Rule 16 justifies imposition of appropriate sanctions.") (emphasis in original); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction").

The Court may issue sanctions pursuant to Rule 16(f) for failure to comply with an order scheduling an ENE. *See Weir v. Forman Auto. Grp*., 2013 WL 756353, at *1 (D. Nev. Feb. 26, 2013). Indeed, the Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding court-mandated settlement conferences like ENEs.[3] *See, e.g., Ayers*, 895 F.2d at 1270 (affirming the imposition of sanctions under Rule 16(f) for failure to appear at settlement conference); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming sanctions for failure to comply with order regarding settlement conference). Rule 16(f) applies where a "party or its attorney . . . fails to obey a . . . pretrial order." Therefore, "[t]he authority of a federal court to order attendance of attorneys, [and] parties . . . at settlement conferences, and to impose sanctions for disregard of the court's orders is so well established as to be beyond doubt." *Lockhart v. Patel*, 115 F.R.D. 44, 45 (E.D. Ky. 1987); *see also Official Airline Guides*, 6 F.3d at 1396 (upholding Rule 16(f) sanction upon a party for failure to obey the court's order requiring telephonic presence of party with full settlement authority).

**III.    Discussion**

---

[3]In addition to Rule 16(f), the Local Rules authorize the Court to sanction a party for failing to comply with court orders. *See* Local Rule IA 4-1.

ENEs provide an important vehicle for the parties to attempt to resolve their disputes. The Court expends significant time preparing for and conducting them, and takes them very seriously. However, ENEs are not meaningful absent attendance by those with settlement authority. Accordingly, the Court's Order specifically provided that in the case of non-individual parties, an officer or representative with binding authority to settle this matter up to the full amount of the claim is required to be present in person for the duration of the ENE. Docket No. 8 at 1. Furthermore, the Court's Order was clear, even emphatic: it cautioned that "**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f).**" *Id.*, at 3 (emphasis in original).

Defendants and Ms. Braster failed to comply with the Court's unambiguous Order. Because Defendants are non-individual parties, the Order clearly required an officer or representative with authority to settle the matter up to the full amount of the claim to be present during the ENE. *Id.*, at 1. Plaintiff's Complaint requests in excess of $50,000 in compensatory damages. Docket No. 1 at 8. Accordingly, the Order commanded Ms. Braster, at a bare minimum, to ensure that Defendants had an officer or representative attend the ENE with authority to settle the case for at least $50,000.[4] However, Defendants' representative, Mr. Lindley, had no such authority. It is therefore within the Court's discretion to impose sanctions on Defendants and Ms. Braster. *See Ayers*, 895 F.2d at 1270.

A. Defendants

Defendants' first contention is that "Plaintiff's failure to make a monetary demand made it impossible for [Defendants] to send a representative with authority to settle the matter up to the amount of Plaintiff's claim." Docket No. 16 at 5. This argument is woefully inadequate. First, Defendants fail to explain what prevented them from simply authorizing Mr. Lindley to settle up to even the compensatory damages amount requested in Plaintiff's Complaint: $50,000. Second, it is not the case that Mr. Lindley arrived with authority to settle up to the incorrect monetary amount, in which case

---

[4] The Complaint also requests employment-related losses, punitive damages, prejudgment interest, and reasonable attorneys' fees and costs. Docket No. 1 at 8.

1   Defendants' argument might be persuasive.  Here, Mr. Lindley showed up with no authority to make
2   any monetary offer at all, even though the exhibits cited in Defendants' own Response make clear that
3   Plaintiff sought monetary damages.  Docket No. 16-2 at 5 (providing "that the actual damages are for
4   back pay").  Defendants' argument fails to address how uncertainty over the amount of monetary
5   damages justifies violating the Court's Order and appearing without any authority to offer a monetary
6   settlement at all.

7          Defendants' next argument is that they complied with the Order.  Document No. 16 at 7.  Citing
8   *Shuffler v. Heritage Bank*, 720 F.2d 1141 (9th Cir. 1983), Defendants argue they did not fail to act as
9   ordered because they took all reasonable steps within their power to comply with the Court's Order.
10  *Id*.  Defendants' reliance on *Shuffler*, however, is misplaced.  In *Shuffler*, the Ninth Circuit determined,
11  for the purposes of finding civil contempt, that "a person fails to act as ordered by the court when he
12  fails to take all reasonable steps within his power to insure compliance with the court's order."  *Id*.
13  (determining that because party's behavior was clearly contumacious, the district court properly held
14  it in contempt).  Defendants' argument confuses the standard for civil contempt with the standard for
15  sanctions imposed under Rule 16(f).  Civil contempt requires a finding that a party willfully disobeyed
16  a specific and definite order requiring him to do a particular act.  *Id*.  In contrast, as discussed above,
17  sanctions may be imposed under Rule 16(f) for a party's inadvertent failure to comply with a Rule 16
18  order.  *See Ayers*, 895 F.2d at 1270; *Ikerd*, 852 F.2d at 1258–59 (10th Cir. 1988) ("Neither
19  contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions.").
20  Because the Order to Show Cause relates to the imposition of sanctions under Rule 16(f), not civil
21  contempt, Defendants' cite to *Shuffler* is unavailing.  Moreover, even if the *Shuffler* standard applied
22  (which, to be clear, it does not), Defendants have failed to show they took all reasonable steps to comply
23  with the Order – namely, looking at the Complaint to determine the amount of the claim, and giving Mr.
24  Lindley that amount of settlement authority.

25         Defendants' next argument is that they should not be sanctioned for appearing without full
26  settlement authority because Mr. Lindley purportedly appeared in good faith at the ENE.  Docket No.
27  16 at 8.  In particular, they note that because the Court is not empowered to force a party into a
28  settlement, the outcome of the ENE would have been no different had a representative with full

settlement authority attended. *Id*., at 8-10.

"It is well settled that, while the Court may not require parties to settle a case, it may require attendance at a settlement conference by counsel and proper corporate representatives." *Wilson v. KRD Trucking W*., 2013 WL 836995, at *4 (D. Nev. Mar. 6, 2013) (citing *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 650-53 (7th Cir.1989)(en banc)). The importance of having attendance of a representative with full settlement authority is well documented. *See Nick v. Morgan's Food, Inc.*, 270 F.3d 590, 597 (8th Cir.2001) (attendance at a mediation with a corporate representative with limited authority "is to in effect negate the ability of that mediation to in any way function, much less be successful"). Like in *Wilson*, the Court here clearly required the presence of an individual with full settlement authority to allow the ENE to be meaningful. *See* Docket No. 8 at 1. By failing to give that authority to Mr. Lindley or to send a representative with proper authority, Defendanats violated the Court's clear Order, wasting the time and resources of the Court, Plaintiff, and opposing counsel.

Defendants' counterfactual argument, *i.e.*, their argument addressing what would have happened had they complied the Court's order, is unpersuasive. The Court expressly rejected a similar counterfactual argument in *Wilson*. *Wilson*, 2013 WL 836995, at *4. A lack of prejudice does not excuse a violation of this Court's Rule 16 orders. *See id.* Regardless of what Defendants believe might have occurred at the ENE, they are required to obey the Court's orders. *Id.* (citing *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir.1979).

### B. Ms. Braster

Ms. Braster represents that she learned that Mr. Martin would not attend the ENE on September 17, 2015, less than twenty-four hours before the ENE. Docket No. 16-3 at 5. Upon learning of Mr. Martin's travel plans, there is no indication that Ms. Braster counseled Mr. Martin as to his duty to comply with this Court's orders or the importance of the ENE. *Id.* There is no indication that Ms. Braster attempted to have Mr. Martin return to the attend the ENE. *See* Docket Nos. 16-3, 16-4. Further, Ms. Braster made no attempt to inform the Court that she would not bring a proper representative to the ENE. Rather, Ms. Braster contends that once she discovered Mr. Martin would not attend the ENE, she proceeded under the "belie[f] the best course of action would be for another member of [Defendants'] management to attend with settlement authority." Docket No. 16 at 11. Yet,

1   Ms. Braster fails to explain why she did not ensure that Mr. Lindley had full settlement authority.

2   Docket No. 16-3. Ms. Braster also fails to explain why she did not call to the Court's attention that fact

3   that Mr. Lindley was not the individual named in Defendants' ENE statement, until the Court

4   discovered the problem on its own.

5       Ms. Braster's primary argument is that she should not be sanctioned because she confirmed Mr.

6   Martin's attendance prior to the ENE and had Mr. Lindley appear in Mr. Martin's stead. Docket No.

7   16 at 11. While Ms. Braster's fledgling attempts to mitigate Mr. Martin's absence might establish that

8   she did not initially intentionally violate the Court's Order, such an argument is impertinent, for intent

9   or bad faith is not a prerequisite for Rule 16(f) sanctions. *See Lucas Auto. Eng'g, Inc.*, 275 F.3d at 769.

10  Moreover, Ms. Braster does not detail how, if at all, she attempted to get Mr. Martin return for the ENE,

11  nor does she explain why Mr. Lindley lacked full settlement authority or why she did not notify the

12  Court or opposing counsel before the ENE. These facts sharply undercut her position that she took all

13  reasonable steps to comply with the Order. Accordingly, Ms. Braster's primary argument is unavailing.

14      As discussed in more detail above, the Order required Ms. Braster to appear at the ENE with an

15  individual who had full settlement authority. Because Ms. Braster did not ensure an individual with that

16  authority was present, she violated the Order. It is therefore within the Court's authority to impose

17  sanctions on Ms. Braster. *See Ayers*, 895 F.2d at 1270. Even had Ms. Braster not violated the Court's

18  Order (which, to be clear, she did), it is within the Court's discretion to sanction her for her client's

19  violations. *See Olympic Coast Inv. Inc. v. Seipel*, 210 Fed.Appx. 595, 596 (9th Cir. 2006) (noting that

20  Rule 16(f) empowers a court to "require the party or the attorney representing the party or both to pay

21  reasonable expenses incurred because of any non-compliance with [Rule 16], including attorney fees").

22  **IV.   Sanctions**

23      Having reviewed this matter, the Court finds that Defendants and Ms. Braster's explanations do

24  not justify their non-compliance with this Court's clear Order. Their failure to abide by the Order has

25  disrupted this Court's management of its docket and resulted in additional expense in the administration

26  of this case. *See Sanders v. Union Pac. R.R. Co.*, 154 F.3d 1037, 1041 (9th Cir. 1998) ("In our

27  continuing efforts to achieve justice for individual litigants, we must not allow the flagrant disobedience

28  of judges' orders to bring about further delay and expense."). Therefore, sanctions are appropriate as

a means of deterring the neglect of Defendants and Ms. Braster's Rule 16 obligations. *See Media Duplication Services v. HDG Software*, 928 F.2d 1228, 1242 (1st Cir. 1991) ("We have no hesitation in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16] obligation").

The Court has broad discretion in fashioning the appropriate sanctions for violations of a court order. *Wilson*, 2013 WL 836995 (citing *Official Airline Guides, Inc.*, 6 F.3d at 1396 (9th Cir.1993)). In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures. *Martin Family Trust*, 186 F.R.D. at 603. The Court also considers the resources wasted by the parties due to their violations of the Court's orders. *See* Rule 16(f)(2).

**V.     Conclusion**

The Court therefore **SANCTIONS** Defendants and Ms. Braster, jointly and severally, in the amount of Plaintiff's reasonable attorneys' fees and costs incurred in preparing for and attending the ENE, as well as any of Plaintiff's uncompensated time for missing work to attend the ENE. Additionally, the Court **SANCTIONS** Ms. Braster $250 in Court fines.

The Court ORDERS Plaintiff to file, no later than October 5, 2015, full documentation of all fees and costs incurred in preparing for and attending the ENE, including (1) an affidavit demonstrating that the hourly rates for attorneys' fees are reasonable as they relate to the experience of the attorneys and the prevailing local rates, and (2) documentation reflecting wages for Plaintiff's uncompensated time for missing work to attend the ENE.

//

//

//

//

//

//

//

Defendants and Ms. Braster shall immediately meet and confer with Plaintiff regarding the reasonable attorneys' fees, costs, and amount of wages that Plaintiff lost due to their failure to comply with the Court's Order.  If the parties come to an agreement, they must file notice with the Court, so stating, no later than October 7, 2015.  To the extent that the parties are not able to agree on the amount of those fees and costs, Defendants and Ms. Braster may file a response to Defendants' requests, no later than October 8, 2015, and the Court will determine the reasonable amount.

IT IS SO ORDERED.

DATED: October 1, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

10